UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINTON FROST,

                    Plaintiff,

         -against-

DONALD J. TRUMP (OFFICIAL CAPACITY,
PRSIDENT OF THE UNITED STATES),

                Defendants.

22-CV-6126 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. By order dated June 25, 2022, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The

complaint is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal

on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v.

Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they

*suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal

quotation marks and citations omitted).

## BACKGROUND

      Plaintiff filed this complaint under the Court's federal question jurisdiction, alleging that

the underlying events occurred at the White House in Washington D.C., "subject to discovery,

dates from 1/20/17 to 1/20/21." (ECF 2 ¶ III.) According to Plaintiff, the former President "failed

to faithfully execute the law by knowledge of, acquiescence to" an order "halt[ing]" proceedings

"at the Department of Justice and other agencies," resulting in "violations of the Freedom of Information Act [FOIA] and related national security information law rules regarding decisions to maintain classification of information requested by Plaintiff in the custody of the Department of Justice, including the FBI, the Office of the Attorney General, the Antitrust Division, and the Office of the US Attorney for the Northern District of California." (*Id.* ¶ III.) Plaintiff "requests an apology." (*Id.* ¶ IV.)

## DISCUSSION

Plaintiff's complaint, even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, does not allege any facts suggesting that he has a plausible legal claim. Plaintiff sues the former president in connection with FOIA requests Plaintiff has filed with various federal agencies, and he seeks "an apology." The Court dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Neitzke*, 490 U.S. at 324-25; *Livingston*, 141 F.3d at 437.

In any event, the doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies and federal officers sued in their official capacities, unless sovereign immunity has been waived.[1] *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency [federal officers official capacity] is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). Plaintiff's claims against the "46th president" and "the White House" are dismissed under the doctrine of sovereign immunity

---

[1] The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for certain claims for monetary damages arising from the tortious conduct of federal government officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). The facts as alleged, however, do not suggest that the FTCA provides a basis for a claim here.

for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (allowing for *sua sponte* dismissal of an IFP action that "seeks monetary relief against a defendant who is immune from such relief").

### DENIAL OF LEAVE TO AMEND AND ORDER TO SHOW CAUSE

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff seeks relief from an immune defendant. This defect in his complaint cannot be cured with an amendment, and the Court therefore declines to grant Plaintiff leave to amend his complaint.

Moreover, the exact degree of solicitude that should be afforded to a *pro se* litigant in any given case depends upon a variety of factors, including the procedural context and relevant characteristics of the particular litigant. *See Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010). According to Public Access to Court Electronic Records (PACER), Plaintiff has filed close to 30 *pro se* actions in the United States District Court for the Northern District of California and in the Ninth Circuit Court of Appeals, many of which asserted FOIA claims.[2] As a result, that district court imposed a filing injunction on Plaintiff. *See Frost v. United States*, No. 19-CV-5190 (N.D. Cal. Mar. 18, 2020) (dismissing FOIA complaint, listing 17 other cases Plaintiff filed in that court that were dismissed as frivolous or for failure to state a claim, declaring him a vexatious litigant after granting notice and an opportunity to respond, and imposing a leave-to-file injunction on any complaints against federal entities or employees).

---

[2] *Anderson v. Rochester–Genesee Reg'l Transp. Auth.,* 337 F.3d 201, 205 n.4 (2d Cir. 2003)) (noting that courts may consider matters that are subject to judicial notice, including court records.)

Plaintiff was previously warned that duplicative or frivolous litigation in this court would result in an order barring him, under 28 U.S.C. § 1651, from filing new actions IFP without prior permission. *See Frost v. U.S. Dep't of Homeland Sec.*, ECF 1:22-CV-2858, 12 (LTS) (S.D.N.Y. July 11, 2022) (dismissing without prejudice unexhausted FOIA claim and issuing warning).[3]

In light of Plaintiff's litigation history and the warning issued in 22-CV-2858, the Court finds that Plaintiff was or should have been aware that this complaint lacked merit when he filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). The Court directs Plaintiff to show cause why an order should not be entered barring him from filing any future action IFP in this Court without prior permission

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed as barred by the doctrine of sovereign immunity. See 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff shall have thirty days from the date of this order to show cause by declaration why an order should not be entered barring him from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

If Plaintiff fails to comply with this order within the time allowed, or fails to show cause, the Court will enter an order permanently barring Plaintiff from proceeding IFP in any future civil action that he brings in this court.

---

[3] *See also Frost v. Civil Division, United States Dep't of Justice*, No. 22-CV-2201 (LTS) (S.D.N.Y. June 23, 2022) (dismissing complaint under voluntary dismissal).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 29, 2022
         New York, New York

_____/s/ Laura Taylor Swain_____
        LAURA TAYLOR SWAIN
        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____          _____
Executed on (date)                 Signature

_____          _____
Name                               Prison Identification # (if incarcerated)

_____          _____  _____  _____
Address                            City              State       Zip Code

_____          _____
Telephone Number (if available)    E-mail Address (if available)